UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILDRED CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No.  2:14-cv-2836-EFB<br><br><br><br>ORDER |

On January 8, 2015, the court granted plaintiff's request to proceed *in forma pauperis* and directed plaintiff to provide to the U.S. Marshal within fourteen days all information needed to effect service of process and to file a statement with the court within fourteen days thereafter that the documents were submitted.  ECF No. 4.  Plaintiff, however, failed to comply with that order.  Therefore, on April 20, 2015, the court ordered plaintiff, within fourteen days, to comply with the January 8 order.  ECF No. 7.

Despite the April 20 order, plaintiff again failed to submit the requisite information to the Marshal to effect service of process.  Rather, plaintiff attempted to personally serve defendant, but failed to comply with the requirements of Federal Rule of Civil Procedure 4(i).  A proof of service filed by plaintiff indicates that plaintiff's counsel left a copy of the summons and complaint with Stephen Leung, Administrative Officer for the Social Security Administration, at

1

1  160 Spear Street, St. 800, San Francisco, California.  ECF Nos. 9, 11.  The docket does not
2  indicate, however, that counsel complied with the requirements of Federal Rule of Civil
3  Procedure 4(i) that he serve the United States Attorney for the Eastern District of California, and
4  the Attorney General of the United States at Washington, D.C.

5  Accordingly, on November 23, 2015, the court ordered plaintiff to show cause, within
6  fourteen days, why this action should not be dismissed for failure to comply with this court's
7  orders and/ or failure to effect service of process in the time prescribed by Rule 4(m).  ECF No.
8  14.  Plaintiff's counsel responded to the order to show cause, stating that he did mail copies of
9  summons and complaint to the United States Attorney's Office, but that he does "not have the
10 required proof."[1]  ECF No. 15 at 1.  He does not state that he sent a copy of the summons and
11 complaint "by registered or certified mail to the Attorney General of the United States at
12 Washington, D.C."  *See* Fed. R. Civ. P. 4(i).  Instead, counsel contends, without explanation or
13 citation to authority, that "[c]ertainly Defendant had some obligation to respond to the personal
14 service of [May 4, 2015]."  *Id*.  Counsel adds his comment that it is his "impression that the case
15 was in default and [that he] still believes it is because of the [May 4, 2015] service."  *Id*. at 2.[2]

16 "A federal court is without personal jurisdiction over a defendant unless the defendant has
17 been served in accordance with Fed. R. Civ. P. 4."  *Benny v. Popes*, 799 F.2d 489, 492 (9th Cir.
18 1986).  Rule 4 is "a flexible rule that should be liberally construed so long as a party receives
19 sufficient notice of the complaint," *Direct Mail Specialists, Inc. Eclat Computerized Tachs.*, 840
20 F.2d 685, 688 (9th Cir. 1988), and "substantial compliance with the service requirements of Rule
21 4 is sufficient so long as the opposing party receives sufficient notice," *Daly-Murphy v. Winston*,
22 837 F.2d 348, 355 n.4 (9th Cir. 1987).  However, for the sufficient notice exception to apply,
23 there must be a "justifiable excuse for the failure to serve properly."  *Borzerka v. Heckler*, 739
24 F.2d 444, 447 (9th Cir. 1984).

---

[1] Counsel is, again, referred to Rule 4 for the requirements for service of process, and in particular to Rule 4(l) for proving service, and Rule 4(i) for serving the United States and its agencies.  Those requirements are not merely advisory.

[2] On November 17, 2015, the Clerk declined plaintiff's request to enter defendant's default due to defective service of process.  *See* ECF Nos. 12, 13.

Here, counsel has failed to provide a "justifiable excuse" for his failure to comply with the requirements of Rule 4(i). Even more troubling is counsel's complete disregard of this court's earlier orders. Contrary to counsel's apparent belief, this court never directed plaintiff to personally serve defendant; rather, on two occasions the court instructed counsel to submit documents to the U.S. Marshal so the Marshal could effectuate service for the plaintiff. ECF Nos. 4, 7. Plaintiff's counsel disregarded these orders and instead took it upon himself to serve defendant, presumably without first familiarizing himself with Rule 4's requirements for serving the United States. A simple reading of Rule 4 would have informed counsel what was required.

In light of the foregoing, the court declines to grant counsel's request for leave "to again serve the Defendant," to the extent counsel requests permission to personally serve defendant. *See* ECF No. 15 at 2. The court reluctantly grants counsel one last opportunity to comply with the January 8 order directing plaintiff to submit documents for service of process to the United States Marshal.

Accordingly, it is hereby ORDERED that within fourteen days from the date of this order, plaintiff shall submit to the United States Marshal an original and five copies of the completed summons, five copies of the complaint, and five copies of the scheduling order, and *shall file a statement with the court that said documents have been submitted to the United States Marshal*. Failure to comply with this order will result in dismissal of this action and/or the imposition of monetary sanctions.

So Ordered.

DATED: April 5, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3